HOPPER FEEDS, INC. *vs.* CINCINNATI MILACRON, INC., & another[1].

Norfolk. September 9, 1991. - November 25, 1991.

Present: LIACOS, C.J., NOLAN, O'CONNOR, & GREANEY, JJ.

*Joint Tortfeasors. Contribution. Practice, Civil,* Contribution and cross-claim, Judgment, Verdict.

In a products liability case, the judge incorrectly allowed the defendants' motion seeking contribution under G. L. c. 231B, § 3 (*b*), from the manufacturer of the machine that had caused the plaintiff's injuries, where the manufacturer was not a judgment defendant within the meaning of that section, the judgments against the manufacturer having been vacated previously by an order of the Supreme Judicial Court. [276-278]

CIVIL ACTION commenced in the Superior Court Department on December 24, 1981.

After review sub nom. *Barbosa* v. *Hopper Feeds, Inc.*, 404 Mass. 610 (1989), motions for contribution were heard by *Roger J. Donahue*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Lane McGovern* for Cincinnati Milacron, Inc.

*Joseph J. Walsh* (*Robert G. Eaton* with him) for Hopper Feeds, Inc.

*Stephen T. Keefe, Jr.*, for Armstrong World Industries, Inc.

LIACOS, C.J. Cincinnati Milacron, Inc. (CM), appeals from judgments for contribution entered against it by a judge of the Superior Court in favor of Hopper Feeds, Inc. (Hopper), and Armstrong World Industries, Inc. (Arm-

---

[1]Armstrong World Industries, Inc.

strong). CM contends that the judge erred in allowing the appellees' motions for contribution under G. L. c. 231B, § 3 (1990 ed.), because CM was not a "judgment defendant" in the action which gave rise to the appellees' contribution claims. We agree. We set aside the judgments.

The facts underlying this case are set forth in our opinion in *Barbosa* v. *Hopper Feeds, Inc.*, 404 Mass. 610 (1989). The essential facts can be summarized as follows. On January 16, 1981, Catherine Barbosa injured her hand severely while operating a machine at work. CM manufactured the machine in 1942. Armstrong, Barbosa's employer, purchased the machine in 1948 and subsequently added an automatic feeder manufactured by Hopper.

In December, 1981, Barbosa brought suit against Hopper to recover for her injuries. Her husband and her children brought suit against Hopper and Armstrong for loss of consortium. Hopper filed third-party claims for contribution and indemnity against Armstrong in June, 1983, and against CM in August, 1984. Armstrong cross-claimed for contribution and indemnity against Hopper in 1985. Armstrong did not assert any cross-claims or third-party claims against CM.

In June, 1987, the plaintiffs moved to amend their complaint to add CM as a primary defendant. A judge (not the trial judge) denied this motion on June 19, 1987. On July 20, 1987, the day the jury were to be empaneled, the plaintiffs moved for reconsideration of their earlier motion to amend their complaint. The trial judge granted the plaintiffs' motion and allowed the plaintiffs to add CM as a primary defendant. CM moved for a continuance, but the judge denied that motion, and the case proceeded to trial.

In response to special questions, the jury found Hopper, Armstrong, and CM negligent. Accordingly, judgments entered against all three defendants on the consortium claims and against CM and Hopper on Barbosa's personal injury claims. All three defendants appealed.

In *Barbosa* v. *Hopper Feeds, Inc.*, *supra*, this court affirmed the judgments against the defendants Hopper Feeds and Armstrong. The judgment for loss of consortium by one

child was reversed against Hopper and Armstrong. We vacated all judgments against CM. Recognizing that CM had been forced to adopt a "decidedly different stance" as a primary defendant, we concluded that the judge had erred in adding CM as a primary defendant on the day of trial. *Id.* at 622. Accordingly, we vacated the judgments against CM, leaving Hopper and Armstrong jointly and severally liable to the consortium claimants and leaving Hopper solely liable to Barbosa. See *id.* at 622-623.[2]

Following our decision in *Barbosa*, Hopper moved for entry of judgment of contribution on its amended third-party complaint against CM. In that motion, Hopper also moved, "pursuant to G. L. c. 231B, sec. 3, to enter judgment against the third-party defendant Cincinnati Milacron, Inc. for its full pro rata share of the judgements entered in favor of [Barbosa and the consortium claimants]." Armstrong also filed a motion under G. L. c. 231B, § 3, seeking contribution from CM for the judgments entered against Armstrong in favor of the consortium claimants. In support of these motions, Hopper and Armstrong each argued that the jury had found CM negligent and that Hopper and Armstrong were therefore entitled to contribution as matter of law.

In July, 1989, the judge allowed the appellees' motions for contribution. The judge reasoned that, although this court had vacated the judgments against CM, we did not intend to disturb the jury findings that CM's negligence contributed to Barbosa's injury. Accordingly, the judge ordered judgment to enter against CM pursuant to G. L. c. 231B, § 3, for CM's

---

[2]The rescript issued pursuant to the opinion stated:

"Ordered, that the following entry be made in the docket; viz., -

Judgment for the plaintiff Catherine Barbosa (modified by 11%) against Hopper Feeds, Inc. is affirmed. Judgments for the consortium plaintiffs John P., Jennifer, and Joshua Barbosa, against Hopper and Armstrong World Industries, Inc., are affirmed. The judgments as to the consortium claims of Ann Margaret Barbosa are reversed and judgments shall be entered on those claims for Hopper and Armstrong. All judgments against Cincinnati Milacron, Inc. are vacated."

full pro rata share of the judgments against Hopper in the underlying action. Similarly, the judge ordered judgment to enter pursuant to G. L. c. 231B, §§ 1 et seq. (1990 ed.), for CM's full pro rata share of the judgments recovered against Armstrong. Judgments were entered ordering CM to pay a total of $1,012,762.09 in contribution to Hopper and $236,042.97 in contribution to Armstrong. CM appealed. The case is now before us on direct appellate review.

1. *The G. L. c. 231B motions.* Where two or more persons become jointly liable in tort, G. L. c. 231B, § 1, creates a right of contribution among them. General Laws c. 231B, § 3, sets forth two alternative methods by which a party entitled to contribution can enforce that right. First, § 3 (*a*) provides: "Whether or not judgment has been entered in an action against two or more tortfeasors for the same injury, contribution may be enforced by separate action." This section creates a separate cause of action for contribution, enabling a party to seek contribution from other alleged joint tortfeasors who were not joined as defendants in the original action. See Hennessey, Torts: Indemnity and Contribution, 47 Mass. L.Q. 421, 431 (1962). Alternatively, § 3 (*b*) provides: "Where a judgment has been entered in an action against two or more tortfeasors for the same injury, contribution may be enforced in that action by judgment in favor of one against other *judgment defendants* by motion upon notice to all parties to the action" (emphasis supplied). This section sets forth a simpler procedure by which a party can assert its contribution claims by motion against parties who were joined as defendants in the original action and against whom judgment has already been entered. See Hennessey, *supra* at 433.

By its terms, the motion procedure is only available to a party seeking contribution from another "judgment defendant," i.e., one whose liability to the tort claimant has already been established in the underlying action. We think it clear that the appellees' motions should have been denied. At the time the judge acted under G. L. c. 231B, § 3 (*b*), CM was not a "judgment defendant" within the meaning of that stat-

ute, the judgments against CM having been vacated by this court.

Despite our ruling in *Barbosa* vacating all tort judgments against CM, the appellees argue that, on remand, the trial judge was justified in entering judgments for contribution in favor of Hopper and Armstrong. In support of this position, the appellees argue that, although we vacated the tort judgments against CM, we did not intend to vacate the underlying jury findings that CM's negligence contributed to Barbosa's injury. Consequently, the appellees argue, the judge was justified in relying on those jury findings as a basis for entering judgment on appellees' contribution claims. Indeed, the appellees contend that this court authorized such a result in footnote 10 of our decision in *Barbosa*, where we left the various contribution claims among Hopper, Armstrong, and CM to be resolved on remand by the trial judge. See *Barbosa*, *supra* at 623 n.10.

The appellees' arguments are unpersuasive. It is well settled that factual findings have no legal significance apart from the existence of a judgment. See *Selectmen of Braintree* v. *County Comm'rs of Norfolk*, 399 Mass. 507, 508 (1987); *Lewis* v. *Emerson*, 391 Mass. 517, 518 (1984); *Chittenden Trust Co.* v. *Levitt*, 26 Mass. App. Ct. 208, 211 n.2 (1988). See also Mass. R. Civ. P. 58 (b), as amended, 371 Mass. 908 (1977). Additionally, the jury findings in the prior action did not authorize a judge simply to enter judgment against a party. Rather, the statute contemplates that the requisite judgment will have been entered in the underlying action before a motion under § 3 (*b*) will lie. As we have already indicated, the judgments entered against CM in the underlying action had been vacated by this court in *Barbosa*.

We reject the appellees' claim that, despite our ruling in *Barbosa* vacating the judgments against CM, the jury findings underlying those judgments emerged from our decision in *Barbosa* intact. The appellees do not perceive that CM's defense on the underlying issue of negligence was in any manner prejudiced by the plaintiffs' tardy motion to amend. In *Barbosa*, however, we expressly recognized that CM's

ability to defend itself had been prejudiced seriously by the trial judge's allowance of the plaintiffs' motion to amend on the day of trial and that this error was exacerbated by the judge's refusal to grant CM a continuance. The fact that CM had been a party to the litigation for three years as a third-party defendant was of no significance because CM was forced to abandon its prior preparation and to adopt the "decidedly different stance" of a primary defendant.

Finally, the appellees argue that, in footnote 10 of *Barbosa*, this court somehow authorized the trial judge's rulings on remand. This argument is also misplaced. In footnote 10 of *Barbosa* we simply noted that various contribution claims remained outstanding among Hopper, Armstrong, and CM and that the judge had reserved those claims for future disposition. We expected that those contribution claims would be resolved in a manner consistent with our order vacating the judgments against CM.

2. *Conclusion.* We conclude that the judge's order allowing the appellees' motions for contribution under G. L. c. 231B, § 3, was inconsistent with the express terms of that statute, as well as with our decision in *Barbosa* v. *Hopper Feeds, Inc.* We express no opinion whether Hopper and Armstrong are in fact entitled to contribution from CM. See *Hayon* v. *Coca Cola Bottling, Co.*, 375 Mass. 644, 648-649 (1978). The appellees have not followed the proper procedure for establishing their contribution rights, if any. The contribution judgments entered below are vacated, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*