DAVID P. BERUBE vs. CITY OF NORTHAMPTON & another.[1]

Hampshire. September 10, 1992. - November 6, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Massachusetts Tort Claims Act. Notice*, Timeliness. *Practice, Civil*, Presentment of claim under Massachusetts Tort Claims Act. *Municipal Corporations*, Liability for tort. *School and School Committee*, Liability for tort. *Joint Tortfeasors. Contribution.*

In an action against a municipality and a school committee by one claiming contribution rights as an assignee of the primary tortfeasor in a separate prior action against the defendants dismissed for lack of presentment, summary judgment was properly granted for the defendants on the ground that the plaintiff had failed to comply with the two-year presentment requirement of G. L. c. 258, § 4, where neither the relevant provisions of § 4, establishing the presentment requirement [637-638], nor the plaintiff's purported status as assignee of contribution rights under G. L. c. 231B, § 1 (*a*) [638-640], exempted him from compliance with the presentment requirements of § 4.

CIVIL ACTION commenced in the Superior Court Department on September 19, 1990.

The case was heard by *John F. Murphy, Jr.*, J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Lee Dawn Daniel* for the plaintiff.

*Kathleen G. Fallon*, City Solicitor, for the defendants.

LYNCH, J. The plaintiff, David P. Berube, appeals from the entry of summary judgment against him, and in favor of the city of Northampton (city) and the board of trustees (trustees) of Smith Vocational-Agricultural High School (school), a school committee. He maintains on appeal that, as assignee

[1]Board of trustees of Smith Vocational-Agricultural High School.

of contribution rights under G. L. c. 231B, § 1 (1990 ed.),[2] he has essentially become a third-party plaintiff and, as such, is exempt from compliance with the two-year presentment requirement of the Massachusetts Tort Claims Act (tort claims act), G. L. c. 258, § 4 (1990 ed.). Summary judgment was granted because the plaintiff had failed to comply with the presentment requirements of § 4. We granted the plaintiff's application for direct appellate review. There was no error.

There is no dispute in regard to the facts on which the judge relied in granting summary judgment. In November, 1983, the plaintiff, a carpentry student at the school, was struck in the eye by a nail thrown by Robert Piekarski, another student. After the plaintiff filed an action against the trustees, Piekarski, and other students in November, 1986, a motion for summary judgment was granted for the trustees based on the failure of the plaintiff to comply with the presentment requirements of G. L. c. 258, § 4.

The plaintiff then obtained a judgment against Piekarski in the amount of $200,000, plus interest and costs. Piekarski satisfied this judgment by giving the plaintiff a promissory note with interest at the rate of ten per cent per annum, payable on demand. There is no evidence on the record of any payment having been made on the note. Additionally, Piekarski executed a written assignment of any and all claims he had against the city or any other parties.

---

[2]General Laws c. 231B, § 1 (1990 ed.), provides in pertinent part:

"(a) . . . [W]here two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them.

"(b) The right of contribution shall exist only in favor of a joint tortfeasor, hereinafter called tortfeasor, who has paid more than his pro ·rata share of the common liability, and his total recovery shall be limited to the amount paid by him in excess of his pro rata share. No tortfeasor shall be compelled to make contribution beyond his own pro rata share of the entire liability.

"(c) A tortfeasor who enters into a settlement with a claimant shall not be entitled to recover contribution from another tortfeasor in respect to any amount paid in settlement which is in excess of what was reasonable."

The plaintiff then commenced this action as assignee of Piekarski's right of contribution. No notice of claim was ever filed against the city or the trustees in accordance with G. L. c. 258, § 4. The primary tortfeasor, Piekarski, never brought a third-party complaint, cross claim, or counterclaim against the city.

1. *The presentment requirement.* The relevant provisions of G. L. c. 258, § 4, require that, before a civil action for damages may be brought against a public employer, the claimant must first present his claim in writing to the executive officer of the public employer, within two years of the occurrence of the cause of action. See *Commesso* v. *Hingham Hous. Auth.*, 399 Mass. 805, 809 (1987); *Weaver* v. *Commonwealth*, 387 Mass. 43, 45 (1982).[3]

The plaintiff asserts that the provisions of G. L. c. 258, § 4, which establish the presentment requirement, exempt him from compliance with presentment. That statute provides in pertinent part that "this section shall not apply to such claims as may be asserted by third-party complaint, cross claim, or counter-claim." While lack of compliance with the presentment requirement does not affect the contribution rights of third-party plaintiffs, *McGrath* v. *Stanley*, 397 Mass. 775, 780 (1986), no analogous provision suggests a legislative intent to exempt original plaintiffs from the notice provisions of the statute. *Dighton* v. *Federal Pac. Elec. Co.*, 399 Mass. 687, 692 (1987).

The plaintiff in the present case is not asserting the right to contribution through a third-party complaint, cross claim, or counterclaim. He is attempting to resurrect a claim already dismissed for lack of presentment by bringing a sepa-

---

[3]The plaintiff cannot, as he argues, rely on constructive notice to satisfy the requirement of presentment. The original action, which named the trustees as a defendant, was filed in 1986, almost three years after the incident, and was not, therefore, within the period required for presentment. Even if that had not been the case, actual presentment to the designated executive officer is required. The plaintiff cannot fulfil this prerequisite by constructive notice. *Robinson* v. *Commonwealth*, 32 Mass. App. Ct. 6, 9-10 (1992) (plaintiff claimed notoriety of incident sufficient to give notice to Attorney General).

rate action against the city claiming contribution rights as an assignee.

We conclude that the exemption in G. L. c. 258, § 4, for "such claims as may be asserted by third-party complaint, cross claim or counter-claim" does not confer a right to bring a totally separate action just because that cause of action is of the same class, type, kind, or character as might have been raised by third-party complaint, cross claim, or counterclaim. To rule otherwise would defeat the tort claims act's requirement of presentment.

2. *The contribution statute.* Neither does the plaintiff's purported status as assignee of contribution rights, under G. L. c. 231B, § 1 (*a*), exempt him from compliance with the presentment requirements of G. L. c. 258, § 4.[4] General Laws c. 231B, § 1 (*a*), provides that, "where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them." This statute is designed equitably to distribute damages among all those liable in tort for the same offense. See *McGrath* v. *Stanley, supra* at 781; *Hayon* v. *Coca Cola Bottling Co. of New England*, 375 Mass. 644, 648 (1978); *Tritsch* v. *Boston Edison Co.*, 363 Mass. 179, 182-183 (1973). Contribution claims are derivative and not new causes of action. Without liability in tort there is no right of contribution. See *Dighton* v. *Federal Pac. Elec. Co., supra* at 691 (contribution rights are derivative of joint tort liability between third-party plaintiff and third-party defendant); *Liberty Mut. Ins. Co.* v. *Westerlind*, 374 Mass. 524, 526 (1978) (contributor required by statute to be directly liable to plaintiff); *O'Mara* v. *H.P. Hood & Sons*, 359 Mass. 235, 237-238 (1971) (statute excludes persons from contribution liability when they are not liable to the injured party); J.R. Nolan & L.J. Sartorio, Tort Law § 437,

---

[4]We do not decide the question whether Piekarski's delivery of a demand note in the full amount of the judgment constitutes satisfaction of the judgment for the purposes of the contribution statute.

at 183 (2d ed. 1989) (if injured party's recovery from potential contributor is barred, then contribution to another tortfeasor is also barred).

Other jurisdictions also recognize that the right of contribution is derived from the plaintiff's primary cause of action and is not recoverable from a third party against whom the plaintiff has no cause of action. See, e.g., *Powell* v. *Charles Offutt Co.*, 576 F. Supp. 272, 273-274 (E.D. Tex. 1983). This prohibition is to "prevent a party from doing indirectly what the legislature or courts have said he cannot do directly." *Id.* at 274. If one has a personal defense or special status that would bar liability, contribution is not allowed because it is only permitted "from those *liable*, and not from those who are shown merely to be at fault" (emphasis in original). Hennessey, Torts: Indemnity and Contribution, The New Contribution Statute, 47 Mass. L.Q. 421, 428 (1962). In cases such as sovereign immunity where a potential third-party defendant is protected from liability, a plaintiff has no cause of action. See *Heck* v. *Commonwealth*, 397 Mass. 336, 339 (1986) (presentment requirement not tolled by mental incompetency); *Fearon* v. *Commonwealth*, 394 Mass. 50 (1985) (presentment requirement not tolled by G. L. c. 260, § 10); *Hernandez* v. *Boston*, 394 Mass. 45, 48 (1985) (presentment requirement not tolled for minors; distinguished from G. L. c. 260, § 7); *George* v. *Saugus*, 394 Mass. 40, 42 (1985) (presentment requirement not tolled by minority of plaintiff); *Weaver* v. *Commonwealth*, *supra* at 43 (presentment requirement not tolled by failure to comply with tort claims act). Cf. *Klein* v. *Catalano*, 386 Mass. 701, 702 (1982) (G. L. c. 260, § 2B, limits time in which action in tort can be brought); *Liberty Mut. Ins. Co.* v. *Westerlind*, *supra* at 526 (no right of contribution where all tort claims against employer discharged by G. L. c. 152, § 23).

If the plaintiff were able to circumvent the presentment requirements by acquiring an assignment of contribution rights, then a municipality could be vulnerable to suit without receiving notice until long after the claim arose. *George* v. *Saugus*, *supra* at 44. Such would defeat the statutory pur-

pose of giving municipalities the opportunity promptly to investigate, to arbitrate, to settle, and to prevent future claims. *Perez* v. *Amherst-Pelham Regional Sch. Comm.*, 410 Mass. 396, 398 (1991). *Holahan* v. *Medford*, 394 Mass. 186, 189 (1985).

The plaintiff's claim fails for lack of presentment as required by G. L. c. 258, § 4. The contribution statute, G. L. c. 231B, § 1, does not exempt the plaintiff from those requirements. Accordingly, the judgment is affirmed.

*So ordered.*