Neel, J.
Plaintiff Duane Gilbert was injured when the car in which he was a passenger, driven by Dennis Rugoletti, collided with a car driven by defendant Christine Bellino and owned by defendant ENT Associates, Inc. Gilbert brought this action against Bellino and ENT alleging negligence. Bellino and ENT seek contribution from the City of Boston, alleging that the traffic signals at the intersection where the accident occurred were defective.[1] The third-parly defendant City of Boston now moves for summary judgment pursuant to Mass.R.Civ.P. §56. The motion was heard on October 5, 1993. For the following reasons, the motion is allowed.
FACTS
The facts, read in the light most favorable to ENT and Bellino, are as follows:
*574 On April 10,1991, a car operated by Bellino collided with a car operated by Rugoletti at the intersection of Beacon Street and Charlesgate East in Boston, Massachusetts. Plaintiff Gilbert was a passenger in the car driven by Rugoletti and was injured in the accident. ENT owned the car driven by Bellino. Just before the accident, the traffic light which controlled the intersection of Beacon Street and Charlesgate East malfunctioned, causing a green light to be facing both directions of the intersection. Gilbert did not give notice of the accident to the City of Boston within thirty days of the incident, and brought no claim against the City of Boston.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1980).
In the event that Gilbert recovers a judgment against ENT and Bellino, ENT and Bellino seek contribution from the City of Boston pursuant to G.L.c. 23 IB. General laws c. 231B, §l(a) provides that “where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them.”
“Contribution claims are derivative and not new causes of action. Without liability in tort there is no right of contribution.” Berube v. Northhampton, 413 Mass. 635, 638 (1992). “If one has a personal defense or special status that would bar liability, contribution is not allowed because it is only permitted ‘from those liable, and not from those who are shown merely to be at fault. . ” (Emphasis in original.) Id. at 639 (quoting Hennessey, Torts: Indemnity and Contribution, The New Contribution Statute, 47 Mass.L.Q. 421, 428 (1962)).
Accordingly, ENT and Bellino have a contribution claim against the City of Boston only if the City of Boston is liable to Gilbert. The first inquiry must therefore be whether the City of Boston could be found liable to Gilbert. The only remedy available against a municipality for injuries resulting from a defect in a public way is pursuant to G.L.c. 84, §15. Trioli v. Sudbury, 15 Mass.App.Ct. 394, 396 (1983); Farrell v. Boston Water and Sewer Commission, 24 Mass.App.Ct. 583, 590 (1987). For the purposes of G.L.c. 84, §15, a defect is “anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel.” Gallant v. Worcester, 383 Mass. 707, 711 (1981); Trioli, 15 Mass.App. Ct. at 397. A malfunctioning traffic light falls within that broad definition of “defect.” Therefore, G.L.c. 84, §15 is applicable to this case, and is the exclusive remedy available to the plaintiff.
In order to bring a claim against a municipality under G.L.c. 84, § 15, the person injured must give notice to the municipality within thirty days of the injury. G.L.c. 84, §18. Gilbert failed to notify the City of Boston of his injuries within thirty days of the accident, and therefore the city cannot be found liable to Gilbert under G.L.c. 84, §15. Because G.L.c. 84, §15 is plaintiffs exclusive remedy against the City, plaintiff has no viable claim for liability against the City of Boston.
Inasmuch as contribution is a derivative claim, and the City of Boston cannot be found liable in tort to the plaintiff, ENT and Bellino’s third-party claim for contribution against the City of Boston must fail. See Berube, supra; Flint v. Ackley, Commonwealth Nos. 90-1651-B, 91-1068-A, 91-2571-B slip. op. at 5-6 (Plymouth Co., March 23, 1993) (Stearns, J.).
ORDER
Based on the foregoing, it is hereby ORDERED that the third-party defendant’s motion for summary judgment is ALLOWED.

 ENT and Bellino also seek contribution from Rugoletti and All Brite Cleaners. All Brite Cleaners owns the car driven by Rugoletti.