Borenstein, J.
Pursuant to Mass.R.Civ.P. 56(c), the third-party defendant, North Suburban Steel Company, Inc. (North Suburban), moves for summary judgment on all counts of the third-party complaint brought by the third-party plaintiff, Massachusetts Electric Company (Electric Company). In filing the third-party complaint, the Electric Company sought indemnification by and contribution from North Suburban for the injuries alleged in the principal negligence suit filed by the plaintiff, John Sorrentino (Sorrentino). A hearing on this motion was held before me on January 10, 1996. For the reasons set forth below, inasmuch as it seeks summary judgment on the third-party complaint counts of contribution, North Suburban’s motion is allowed. North Suburban’s motion for summary judgment on the third-party complaint counts for indemnification is denied.
BACKGROUND
OnAugust 1, 1990, the City of Lynn granted permit No. 293 for repairs and alterations to be made at 28-30 Oakville Street in Lynn, Massachusetts. The Oakville Street address is North Suburban’s place of business. North Suburban and its contractor, R. C. Griffin, Inc., acquired the permit to install a steel roofing system that included a rubber membrane. On September 24, 1990, the Electric Company received notice from R. C. Griffin that the work at the premises was to be done in close proximity to overhead power lines.
In response to that notice and before the work commenced, the Electric Company took the protective measures of repositioning the overhead power lines as well as covering them with a rubber sheath. On November 6, 1990, Thomas Fougere, an employee of the Electric Company, went to the premises in response to a call reporting electrical difficulties in the area. Upon his arrival at the premises, Fougere inquired and was informed by an individual thereon that the work at the site was complete. Fougere moved the power lines back to their original position and removed the protective sheath.
On November 15, 1990, Sorrentino, an employee of North Suburban, was injured when a piece of metal flashing he was carrying came into contact with the unprotected overhead power lines at the premises. Subsequently, Sorrentino applied for and accepted workers compensation and medical benefits from American Policyholders Insurance, the workers compensation insurer for North Suburban. Pursuant to M.G.L.c. 152 §34, Sorrentino accepted total disabiliiy benefits from November 15, 1990 through January 6, 1992. From January 6, 1992 onward, pursuant to M.G.L.c. 152 §35, Sorrentino accepted partial disability benefits.
On March 24, 1993, Sorrentino filed a complaint alleging that the Electric Company negligently maintained the overhead power lines causing his contact therewith. In filing the complaint, Sorrentino sought to recover from the Electric Company for the injuries he sustained as a result of the contact with the power lines and his subsequent twenty-one footfall. On April 29, 1993, the Electric Company filed a third-party complaint seeking indemnification by and contribution from North Suburban for the injuries alleged by Sorrentino.
North Suburban now moves for summary judgment on the third-party complaint filed by the Electric Company. In support of its motion, North Suburban asserts that the Massachusetts Worker’s Compensation Act, M.G.L.c. 152, precludes the Electric Company’s claim for contribution. North Suburban further asserts that its compliance with M. G. L. c. 166 §§21A-21F bars the Electric Company’s claim of statutory indemnification. In deciding the motion, I need not reach the tenability of Sorrentino’s complaint against the Electric Company.
DISCUSSION
This court grants summary judgment where there are no issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); *90 Mass.R.Civ.P. 56(c); 365 Mass. 824 (1974). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A moving party for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts ...” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Establishing the absence of a triable issue requires the nonmoving party to respond by alleging specific facts demonstrating the existence of a genuine fact. Pederson v. Time, Inc., supra at 17.
CONTRIBUTION
At common law there is no right of contribution among joint tortfeasors. Zeller v. Cantu, 395 Mass. 76, 78 (1985). However, M.G.L.c. 231B creates a right of contribution if two or more persons become jointly liable in tort for the same injury to a person or properly even though judgment has not been recovered against all or any of them. Hopper Feeds, Inc. v. Cincinnati Milacron, Inc., 411 Mass. 273, 276 (1991). Contribution claims are derivative and not new causes of action. Thus, without liability in tort, there is no right to contribution. Berube v. Northampton, 413 Mass. 635, 638 (1992). That is, in order to recover for contribution under c. 231B, it is essential that the potential contributor be directly liable to the plaintiff. Liberty Mutual Insurance Co. v. Westlind, 374 Mass. 524, 524 (1978) (Liberty Mutual). Accordingly, in order to initiate a claim for contribution, it is necessary that all joint tortfeasors be independently at fault for their wrongful acts. Elias v. Unisys Corp., 410 Mass. 479, 481 (1991) (Elias). Therefore, in order for the Electric Company to maintain a claim for contribution pursuant to c. 231B, North Suburban must be independently at fault and directly liable for the injuries sustained by Sorrentino.
However, the Worker’s Compensation Act, M.G.L.c. 152, replaces “common law or statutory remedies] for personal injury suffered by an employee based upon negligence . . . without regard to the fault or freedom from fault of the employer” Ferriter v. Daniel O’Connell’s Sons, Inc., 381 Mass. 507, 519 (1980) (Ferriter) citing to Ahmed’s case, 278 Mass. 180, 183 (1932). “(T]he workmen’s compensation scheme was enacted to replace common law remedies by providing fixed compensation for employees injured at work. The scheme eliminated the employee’s right to hold his employer liable in tort” Longever v. Revere Copper and Brass, Inc., 408 N.E.2d 857, 859 (1980) (Longever). Although an employee may waive his claim to worker’s compensation benefits and, by so doing, preserve his common law rights, M.G.L.c. 152 §24, a corollary of the latter point is that if an employee accepts worker’s compensation benefits, then he must forfeit his common law rights against the employer. Ferriter, 381 Mass. at 520.
In the instant case, as he accepted compensation pursuant to the Worker’s Compensation Act, M.G.L.c. 152, Sorrentino is barred from pursuing actions at common law against North Suburban for injuries he sustained during the course of his employment. Further, in order for the Electric Company to have a claim of contribution against North Suburban, North Suburban must be directly liable to Sorrentino for his injuries. However, since Sorrentino was injured during the course of his employment and received worker’s compensation benefits, North Suburban is released from all common law claims which Sorrentino might have as a result of his accident. Thus, since North Suburban could not be directly liable to Sorrentino, the Electric Company has no right of contribution against North Suburban. See Liberty Mutual, 374 Mass. at 524. Therefore, in as much as it seeks summary judgment on the third-party counts of contribution, North Suburban’s motion is ALLOWED.
INDEMNIFICATION
Under Massachusetts case law, a contract-based right to indemnification exists only if there is a valid and binding agreement between the indemnitor and the indemnitee in which such a right is expressed or from which it can be fairly implied. H.P. Hood & Sons, Inc. v. Ford Motor Co., 370 Mass. 69, 77 (1976) (Hood), New Bedford Gas & Edison Light Co. v. Maritime Terminal, Inc., 380 Mass. 734, 735 (1980), Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 37-42 (1983), Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 14 (1992). This valid and binding agreement is essential to an implied or express contractual indemnification claim because the crux of such a claim is the breach of an underlying contractual obligation. Further, in order to prevail, the party attempting to assert such a claim must prove the existence of the valid and binding agreement. Hood at 77.
However, in addition to an agreement from which indemnification may be impliedly or expressly established, “the majority position is that a third-party tortfeasor may recover indemnity from an employer ... if the employer and the third-party stand in a relationship that carries with it the obligation to indemnify the third-party” Liberty Mutual, 374 Mass. at 524. M.G.L.c. 166 §21G(b) establishes the aforementioned relationship.
In pertinent part, M.G.L.c. 166 §21G(b) states that “if a violation of any of the provisions of Sections twenty-one A to twenty-one F, inclusive, results in *91 physical or electrical contact with any overhead high voltage line, the [violator] shall be liable to the owner or operator ... for all damage resulting from such contact and for all liability incurred by such owner.” Thus, in the instant action, a violation by North Suburban of any of the provisions of M.G.L.c. 166 §§21A-2IF would result in its being statutorily bound to indemnify the Electric Company for Sorrentino’s injuries.
M.G.L.c. 166 §21A essentially provides thatno work shall be done within six feet of power lines “unless and until contact with said high voltage lines has been effectively guarded against.” Through its contractor, in accordance with M.G.L.c. 166 §21E, North Suburban provided the Electric Company with the statutorily required notice that work would be done within the proximity of the high voltage lines. However, genuine issues of material fact exist as to the agency of the individual on North Suburban’s premises who informed Fougere that the work was completed as well as to the reasonableness of Fougere’s reliance upon that individual’s information. Further, another genuine issue of material fact exists as to the necessity of additional notification by North Suburban or its contractor to the Electric Company prior to Sorrentino’s accident nine days after Fougere’s removal of the protective measures. At the very least, the aforementioned genuine issues of material fact preclude summary judgment for the Electric Company as a matter of law. Therefore, the Electric Company’s motion for summary judgment as to the third-party counts of indemnification is DENIED.
ORDER
It is therefore ORDERED that the North Suburban’s motion for summary judgment on the contribution counts of the third-party complaint is ALLOWED, and the North Suburban’s motion for summary judgment on the indemnification counts of the third-party complaint is DENIED.