Bohn, J.
This matter is before the Court pursuant to the motion of defendants Linda Bhatia and Millis CVS, Inc. to reconsider an Order entered by this Court on May 7, 1996, in which this Court denied their motion for leave to file a third-party complaint. That decision was predicated on the proposition that because the plaintiff in this case could not file suit against the proposed third-party defendants due to the passage of over four and one-half years since the alleged cause of action, there was no independent basis for Bhatia or CVS to assert their suit against the proposed third-party defendants. In support of that opinion, this Court relied on the holding in Berube v. Northampton, 413 Mass. 635 (1992).
Upon a review of the pleadings and applicable law, defendants Linda Bhatia and Millis CVS, Inc.’s Motion for Reconsideration is allowed and, upon reconsideration, their Motion for Leave to File a Third-Party Complaint is also allowed.
*161 DISCUSSION
A contribution claim is derivative of the plaintiffs claim and will not exist where the plaintiff has no right of action against the party to be impleaded. Dighton v. Federal Pac. Electric Co., 399 Mass. 687, 691 (1987); see also, Liberty Mutual Insurance Co. v. Westerlind, 374 Mass. 524, 526 (1971). In this case, the proposed third-party defendants have a defense that could bar a direct action against them by the plaintiff, the statute of limitations. “If one has a personal defense or special status that would bar liability, contribution is not allowed . . .” Berube v. Northampton, 413 Mass. 635, 639 (1992).
The Supreme Judicial Court has ruled, however, that the statute of limitations does not absolutely bar an amendment to a plaintiffs complaint that would add or substitute a defendant after the statute of limitations has run. Wadsworth v. Boston Gas Company, 352 Mass. 86, 89 (1967). Indeed, “the running of the statute of limitations is not a reason for denying an amendment, and may furnish a reason for allowing it.” Id. at 88. “That the cause of action would have been barred by the statute of limitations if originally brought ... at the time the motions to amend were presented, was not conclusive against the allowance of the amendments, but might have been found to afford additional reason for allowing them.” Johnson v. Carroll, 272 Mass. 134, 138 (1930).
Rule 15(c) of the Mass.R.Civ.P. provides that amendments to a complaint will relate back to the time the complaint was originally filed if the claim asserted arose out of the conduct, transaction or occurrence set forth in the original pleading. The occurrence set forth in plaintiffs complaint took place in mid-October 1991. The plaintiff filed suit in July of 1994, less than three years later, within the three-year statute of limitations period for tort actions. Thus, if plaintiff had later been allowed to amend his complaint to add the proposed third-party defendants, the amendment would relate back to the filing of the original complaint; the statute of limitations would not bar the amendment. The contribution claim in this case is derivative of plaintiffs right to make a claim against the proposed third-party defendants. Because plaintiff has the right to move to amend his complaint to add the proposed third-parly defendants, then the defendants must also have the right to file a third-parly complaint.
It is therefore ORDERED that Defendants Linda Bhatia and Millis CVS, Inc.’s Motion for Reconsideration is allowed and their Motion for Leave to File a Third-Party Complaint is allowed.