Gershengorn, J.
This impleader action arises out of a claim for underinsurance benefits. Defendant, Arbella Mutual Insurance Company (“Arbella”), filed a third-parly law suit pursuant to Mass.R.Civ.P. 14 against defendant Akiko Furukawa (“Akiko”) for negligence. Arbella filed this law suit after plaintiff Takahisa Furukawa (“Takahisa”) filed a suit against Arbella for underinsurance benefits on behalf of his minor son, Sakyo. Akiko is the wife of Takahisa and mother of Sakyo.[1] Akiko has moved to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), alleging that Arbella has no standing to sue her for negligence. For the following reasons, Akiko’s motion to dismiss is ALLOWED.
BACKGROUND
Takahisa Furukawa (“Takahisa”) is the father of four-year-old Sakyo. On June 12, 1996, Sakyo was struck by a motor vehicle driven by Rita Kofman (“Kofman"). Sakyo, and his mother, Akiko, were pedestrians when Sakyo was injured. Kofman was insured by Trust Insurance. Kofman’s policy limit was $20,000 per person and $40,000 per accident. On February 3, 1997, Takahisa sued Kofman in Cambridge District Court alleging negligence. Trust Insurance offered Kofman’s full policy limit — $20,000—to settle the claim.
Takahisa, Sakyo, and Akiko, were insured through Takahisa’s insurance policy with Arbella. Takahisa’s insurance policy with Arbella provided optional under-insurance. The limits of Takahisa’s underinsurance motorist policy is $100,000 per person and $300,000 per accident. Arbella was notified of Trust Insurance’s offer to settle and consented to the settlement. The settlement was approved by the Cambridge District Court.
Sakyo’s injuries exceeded the $20,000 limit of Kofman’s insurance policy. Sakyo had more than $58,000 in medical bills as a result of the accident. Takahisa requested underinsurance benefits for his son’s injuries pursuant to his insurance agreement with Arbella. Arbella refused coverage. Takahisa then brought suit for declaratory relief against Arbella for payment of underinsurance benefits pursuant to the insurance policy.
Arbitration, pursuant to the insurance agreement, was scheduled to take place May 1997. Arbella refused to participate in arbitration. Arbella then brought this third-party claim against Akiko for negligence, claiming that she was negligent in the care and supervision of Sakyo.
DISCUSSION
Akiko moves for dismissal under Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. She alleges that Arbella has no standing to sue her for her son’s injuries under Mass.R.Civ.P. 14.
Massachusetts R.Civ.P. 14 allows a defending person to implead another person who may be liable through indemnification, subrogation, or contribution. Arbella concedes that it does not have a right to seek damages from Akiko by way of indemnification. Instead, Arbella argues that Akiko is liable to it under a theory of contribution or subrogation.
First, Arbella advances the argument that Akiko is liable to it as a third-party defendant by way of contribution. Under Mass.R.Civ.P. 14, a defendant is allowed to join a third party if that third party may be liable to him for contribution. Contribution is permitted between joint tortfeasors. G.L.c. 231B, §1(a); Hopper Feeds, Inc. v. Cincinnati Milacron, Inc., 411 Mass. 273, 276 (1991). Joint tortfeasors are persons who act negligently together to contribute to the injury of another. O’Connor v. Raymark Industries, Inc., 401 Mass. 586, 591 (1988). In order to succeed on a theory of contribution, Arbella must demonstrate that it acted as a joint tortfeasor; without liability in tort there can be no right of contribution. Berube v. Northampton, 413 Mass. 635, 638 (1992); Liberty Mutual Insur. Co. v. Westerlind, 374 Mass. 524, 526 (1978); O’Mara v. H.P. Hood & Sons, 359 Mass. 235, 237-38 (1971).
Arbella has no standing under Mass.R.Civ.P. 14 to bring a third-party suit against Akiko under a theory of contribution. Arbella has no relationship with Kofman. Arbella cannot assume the joint tortfeasor status of Kofman and bring suit against Akiko on Kofman’s behalf. Indeed, Takahisa’s suit against Arbella sounds in contract not tort. Therefore, Arbella is not a joint tortfeasor and cannot claim a right to contribution from Akiko through Kofman.
Arbella claims that it may assert a third-party suit against Akiko as a joint tortfeasor since the suit for declaratory relief against it arises out of the negligent *80 act of Kofman, and because Arbella, by providing underinsurance benefits, is in essence an excess liability insurer for Kofman. This argument must be rejected. Arbella is not an excess liability insurer for Kofman. Instead it is a deficiency liability insurer for Takahisa as provided by the underinsurance provision of the insurance policy.
As an alternative argument, Arbella asserts its third-party suit against Akiko on a subrogation theory. An insurer has a right of subrogation when it provides underinsurance coverage. MacInnis v. Aetna Life & Casualty Co., 403 Mass. 220 (1988). An insurer is subrogated to the tortfeasor’s right of contribution to the extent it has paid[2] in excess of the tortfeasor’s pro rata share. G.L.c. 231B, §l(d). In order to claim a right of subrogation there must be an express or implied agreement between the insurer and the insured. Frost v. Porter Leasing Corp., 386 Mass. 425 (1982).
Here, Arbella is attempting to subrogate Kqfman’s right to sue Akiko as a joint tortfeasor. There simply is no express or implied contractual right of subrogation between Arbella and Kofman, therefore this argument must fail. Kofman is not Arbella’s insured. Arbella has no valid subrogation rights through Kofman against Akiko to maintain third-party suit under Mass.R.Civ.P. 14.
ORDER
For the foregoing reasons, the court ORDERS that Arbella Mutual Insurance Company’s third-party complaint against defendant Akiko Furukawa be DISMISSED.

Sakyo, through his father, Takahisa, has not sued and does not plan on suing his mother, Akiko.

Arbella has paid no underinsurance benefits.