Smith, J.
Plaintiff Jacquelyn Erickson (“Erickson”) filed this action against Defendant Kentaro Tsutsumi (“Tsutsumi”) for personal injuries resulting from an automobile accident. Tsutsumi filed a third-party complaint against the Trustees of Boston College (“Boston College”) seeking contribution and indemnification. Boston College seeks summary judgment on both counts of the third-party complaint. For the following reasons, the motion is ALLOWED.

BACKGROUND

The following facts are undisputed. In the fall of 1997, Erickson was a Boston College freshman living at Hardey Hall on the Newton campus of the school. (Erickson Deposition at 7-8.) Erickson had just completed the two week tryout period for the women’s novice crew team and was one of those selected to be a member. (Id. at 11-12.)
The daily practices were held at the Rowing House (“Boathouse”) located across from the campus on Nonantum Road in Newton, Massachusetts, a four-lane highway with a posted speed limit of 40 miles per hour. (Boston College Answer to Interrogatory No. 3; Tsutsumi Deposition at 18-19.) Practices were held at 2:30 p.m., 3:45 p.m. and 5:30 p.m., to provide all students án opportunity to attend whichever practice fit into their class schedule. (Boston College Interrogatory Answer No. 3.) As part of the team’s physical conditioning, the coach required the team members to run or ride their bikes to the Boathouse. (Erickson Deposition at 15, 21.) Boston College did not provide transportation to and from the Boathouse for those participating in the crew team practices.. (Boston College Interrogatory Answer No. 5.) Coaches and senior members of the team warned the freshmen to be careful crossing Nonantum Road. (Id. at No. 6.)
At approximately 7:00 p.m. on October 1, 1997, Erickson was returning to her dormitory with a group of team members after practice. (Tsutsumi Deposition at 14; Erickson Deposition at 24-25.) While her teammates were standing on the sidewalk, Erickson stepped off the curb on Nonantum Road and was struck by Tsutsumi, passing by in his car. (Erickson Deposition at 24-25.) Erickson suffered a broken arm as a result of the accident. (Beth Israel Deaconess Medical Center Discharge Summary.) Nonantum Road has no traffic lights or crosswalks near the scene of the accident. (Tsutsumi Deposition at 19.)
Erickson sued Tsutsumi for negligence. Tsutsumi, in turn, impleaded Boston College seeking indemnification and contribution. Tsutsumi claims that Boston College is partially responsible for Erickson’s injuries because it conducted the crew team practices in an unreasonably hazardous manner. Boston College now moves for summary judgment against both claims.

DISCUSSION

Summary judgment shall be granted where there are no genuine issues of material fact in dispute and where the moving party is entitled to judgment as a matter of law. See Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and dictates the court grant summary judgment in favor of the moving party. Kourouvacilis v. General Motor Corp., 410 Mass. 706, 711 (1991), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
I. Contribution.
General Laws c. 231B, §1 provides that “where two or more persons become jointly liable in tort for the same injury to [a] person . . . there shall be a right of contribution among them . . .’’If the plaintiff has no cause of action against the third-party defendant, there is no right of contribution. Berube v. Northampton, 413 Mass. 635, 639 (1992). In order for Tsutsumi to survive a summary judgment motion, he must show that Boston College had a duty to Erickson and breached that duty.
Boston College, Tsutsumi argues, owed a duty of reasonable care to Erickson because she is a student of the school — a duty that was breached, according to Tsutsumi when Boston College held practices that forced the team members to cross a dangerous roadway in the evening hours and required that the students run while doing so. Tsutsumi relies on Mullins v. Pine Manor College, 389 Mass. 47 (1983), a case where the college was liable for damages resulting from the rape of a student on campus. The Mullins court grounded the duty of care in the idea of “existing social values and customs” and the well-recognized concept that a voluntary undertaking must be as *672 sumed with reasonable care. Mullins, 389 Mass. at 51-52. Neither of those situations exist here.
The Mullins court recognized that colleges have a long-standing history of providing dormitory rooms to students and instituting security measures to ensure their safety. The “existing social values and customs” militate against a finding of a duty in the instant case however. Id. at 51. First, Tsutsumi has provided no evidence that other colleges provide security staff or crossing guards to ensure each student traverses the city streets safely when they are participating in an extracurricular activity. Second, unlike Mullins, where the student was required to live in the dormitory, participation on the crew team was not a requirement of Erickson to attend Boston College. It cannot be said that colleges “of ordinary prudence customarily exercise care to protect the well-being of their [athletic] students against the [hazards of crossing a busy street in order to attend a team practice].” Id. Erickson does not have a cause of action under “the existing social values and customs” analysis because there is no community consensus imposing such a duty on the Commonwealth’s colleges.
The result is the same under the voluntary undertaking analysis. “One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other’s person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other’s reliance upon the undertaking.” Id. at 53. Unlike in Mullins, where the school undertook to provide students with protection from the criminal acts of third parties as part of its security service, Boston College did not undertake to protect the participants in the crew practices from hazards going to or coming from the Boathouse. The result may have been different if, for example, Boston College had from the outset provided a crossing guard to enable the team members to cross Nonantum Road and the guard was, on this particular day, absent when this accident occurred. But those are not the circumstances of this case. Tsutsumi presents no evidence that Boston College ever gratuitously or for consideration undertook the duty to protect the team members from the risks associated with crossing Nonantum Road, therefore Erickson has no claim under the voluntary assumption of duty analysis.
Even though Boston College argues that it owed Erickson no duty of care at the time of her accident, Tsutsumi asserts that a duty arose out of the special relationship between the parties because Erickson was a student at Boston College and that duty extended beyond the Boathouse because of the requirement that as part of their physical conditioning, the students had to run back to the campus. Under our case law, a special relationship maybe imposed when “a defendant reasonably could foresee that he would be expected to take affirmative action to protect the plaintiff and could anticipate harm to the plaintiff from the failure to do so.” Irwin v. Ware, 392 Mass. 745, 756 (1984) (and cases cited) (identifying property ownership as one of the factors upon which foreseeability may be based).
In order to find a special relationship here, Boston College had to reasonably foresee that it would be expected to chaperone each and every member of the crew team across Nonantum Road at the beginning and end of all of the practice times held daily at 2:30 p.m., 3:45 p.m. and 5:00 p.m. While it is true that the special relationships upon which the common law will base tort liability change as the expectations of a maturing society evolve, this Court cannot say that our society has evolved to the point of imposing such a duty on the colleges located in Massachusetts. Tsutsumi has put forth no evidence showing that the nature of the relationship between Boston College and Erickson was sufficient to impose a duty resulting from a special relationship. Therefore, summary judgment is proper on Tsutsumi’s claim of contribution.
II. Indemnification.
Indemnification is permitted when there is 1) an express contract; 2) a contractual right implied from the nature of the relationship between the parties; and 3) a tort based right where there is a great disparity of fault of the parties. See Araujo v. Woods Hole, 693 F.2d 1, 2 (1982). None of those circumstances are present in the case at bar, as Tsutsumi conceded at oral argument. Therefore, summary judgment on the claim of indemnification is appropriate.

ORDER

For the reasons stated above, it is hereby ORDERED that Boston College’s Motion for Summary Judgment is ALLOWED and final judgment shall issue dismissing the third-party complaint.