Curran, Dennis J., J.
The plaintiff Sotirios Georgiadis (“Georgiadis”) brought this suit against Yankee Engineering & Testing, Inc. (“Yankee”) and its engineer, Whitney J. Parker (“Parker”), alleging (1) breach of contract and (2) negligence arising out of engineering services related to the construction of Georgiadis’ home. The defendants filed a third-parly complaint against Kady Builders & Contractors (“Kady”) for contribution, alleging that Kady negligently excavated the property. Kady filed counterclaims for contribution and indemnification. Kady also filed a cross claim against Georgiadis for indemnification. Pursuant to Mass.R.Civ.P. 56(b), Kady now moves for summary judgment on Yankee’s and Parker’s third-party complaint. For the foregoing reasons, Kady’s motion for summary judgment is DENIED.

BACKGROUND

The court provides the following relevant facts in the light most favorable to the nonmoving parties (here, Yankee and Parker). See Foster v. Group Health, Inc., 444 Mass. 668, 672 (2005).
Georgiadis owns property in Worcester. Yankee is a Massachusetts corporation that provides engineering and testing services. Parker is a registered professional engineer and the President of Yankee. Kady is a Massachusetts business that provides building and contracting services.
In 2002, Georgiadis decided to build a house on his property. Before beginning construction, he consulted Yankee to perform ground water and soil analyses. After Yankee provided a report, Georgiadis contracted with Kady to do excavation work. Yankee provided *106 engineering, monitoring, and testing services during the excavation and backfill of the construction site. When Kady completed its work, Parker wrote a letter to Georgiadis, which stated that Yankee:
... certifies that construction activities related to the building pad have been completed in accordance with the project specifications, the approved geotechnical guidelines, and the applicable Mass. State Building Code requirements. Where construction deficiencies were noted, they have been corrected by the subcontractor.
After construction began on the home, the foundation cracked. Yankee recommended that Georgiadis epoxy the cracks, which he did. After the garage was completed, the land settled, and the garage sank. This litigation followed. Yankee alleges that Kady is liable for the damage to Georgiadis’ property because Kady negligently failed to remove all of the unsuitable soil prior to the beginning of construction. Kady argues that, in the above letter, Yankee accepted responsibility for any negligence on the part of Kady and that Yankee will not be able to show that Kady breached its duty to Georgiadis.

DISCUSSION

I. Summary Judgment Standard

Summary judgment shall be granted where there are no genuine issues as to any material fact and the moving party is entitled to judgment as amatter of law. Mass.R.Civ.P. 56(c); Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving parly may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 804, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).[2]

II. Yankee’s Right to Contribution

The right to contribution is created by statute. G.L.c. 231B, §1, provides that “where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them,” based upon each tortfeasor’s pro rata share of liability. The purpose of the statute is to distribute damages among all persons who are liable for the same injury. Berube v. Northampton, 413 Mass. 635, 639 (1992), and cases cited. As a result, a claim for contribution is derivative of the plaintiffs action; it is not a new cause of action. Id. A party can only recover contribution from another party who would also be liable in tort to the plaintiff. Id., and cases cited.
Here, the defendants can only recover contribution from Kady if Kady committed a tort for which it would be liable to Georgiadis. If Kady is not responsible for the injury suffered by Georgiadis, the defendants’ claim against Kady is barred. Id., and cases cited. It is therefore necessary to determine whether Kady has met its burden of showing that there is no issue of material fact regarding whether Kady was negligent.

III.Kady’s Potential Liability to Georgiadis

To prevail in a negligence action, a plaintiff must be able to establish by a preponderance of the evidence that: (1) the defendants breached the duty to use reasonable care; (2) the plaintiff suffered an actual loss; and (3) the defendants’ negligence caused the plaintiffs loss. Glidden v. Magilo, 430 Mass. 694, 696 (2000). Summary judgment is rare in negligence cases, which often turn on factual disputes. Manning v. Nobile, 411 Mass. 382, 388 (1991), quoting Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991). Summary judgment may be granted only if “no rational view of the evidence permits a finding of negligence.” Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994).
Kady does not appear to dispute that it had a duty to use reasonable care when performing under its contract with Georgiadis. See Conners v. Northeast Hospital Corporation, 439 Mass. 469, 480 (2003). Rather, Kady argues that Yankee cannot meet its burden of showing that Kady breached that duty by negligently executing the contract. Here, there is a genuine factual dispute regarding whether Kady breached its duly to Georgiadis by failing to remove all unsuitable soil.
Kady’s next argument is that it is not liable to Georgiadis, because Yankee certified its work following completion. The fact that another pariy reviews and accepts work does not relieve a contractor of his duty to complete his work diligently and with due care. McDonough v. Whalen, 365 Mass. 506, 512-13 (1974). A contractor’s duty to perform his work diligently and with due care is not abrogated because someone else is responsible for the work as a whole. See id. at 512 n.7.
Here, Kady’s contract was with Georgiadis, not Yankee. Kady cannot establish that it had an express indemnity agreement with Yankee. Although courts sometimes find an implied indemnity agreement between parties, those situations arise after the parties enter into a contract. Compare Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 14-15 (1992), and cases cited.
Viewing the facts in the light most favorable to Yankee, a reasonable jury could conclude that, by providing the letter to Georgiadis, Parker did not intend to certify Kady’s work, and he did not intend that *107 Yankee assume all responsibility for any later-discovered negligence on the part of Kady. Kady has failed to meet its burden of establishing that it is entitled to judgment as a matter of law.

ORDER

For the foregoing reasons, it is hereby ORDERED that Kady’s motion for summary judgment be DENIED.

 Although Yankee argues that Kady’s motion must be denied purely because Kady failed to submit any affidavits, it is not necessary to address this argument in light of the court’s ultimate conclusion that, even assuming that Kady’s submissions are accurate, Kady has failed to establish that it is entitled to judgment as a matter of law.