GAIL A. MCGRATH & others[1] vs. JOSEPH S. STANLEY & another;[2] TOWN OF CARVER & another,[3] third-party defendants (and a companion case[4]).

Norfolk. March 4, 1986. — June 16, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Massachusetts Tort Claims Act. Notice. Municipal Corporations,* Liability for tort. *Joint Tortfeasors,* Contribution. *Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act.

This court concluded, upon analysis of the relevant provisions of G. L. c. 258, the Massachusetts Tort Claims Act, and G. L. c. 231B, the contribution statute, that the defendants in a tort action, as third-party plaintiffs, were not barred from seeking contribution from a public entity even though claims brought by the original plaintiffs against the public entity had previously been barred because the plaintiffs had failed to comply with the presentment requirements of § 4 of c. 258. [778-783]

CIVIL ACTIONS commenced in the Superior Court Department on May 28, 1981.

Motions of the town of Carver, third-party defendant, for summary judgment were heard by *Herbert F. Travers, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the cases from the Appeals Court.

*Clyde K. Hanyen* for Joseph S. Stanley & another.
*Stephen M. A. Woodworth* for the town of Carver.

---

[1] Wallace I. Penniman, individually and as administrator of the estate of J. Marion Penniman.

[2] Nemasket Construction Co., Inc.

[3] Gail A. McGrath, executrix of the estate of Nellie M. Prince.

[4] Gail A. McGrath, executrix of the estate of Nellie M. Prince *vs.* Joseph S. Stanley and Nemasket Construction Co., Inc; Town of Carver, third-party defendant. Although the cases were not consolidated at the trial level, the cases were consolidated in the Appeals Court for briefing and argument only.

HENNESSEY, C.J. The issue involved in these two appeals is whether the defendants, as third-party plaintiffs, have a right to seek contribution from a public entity when the actions brought by the original plaintiffs against the public entity are barred because the plaintiffs failed to comply with the presentment requirements of G. L. c. 258, § 4 (1984 ed.). Pursuant to Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), a Superior Court judge allowed the motions for summary judgment filed in both cases by the third-party defendant, the town of Carver (town), apparently on the ground that a public entity is not liable for contribution if presentment has not been made in accordance with G. L. c. 258, § 4. The defendants appealed the judgments entered on these orders in both cases, and we transferred the cases here on our own motion. We now reverse the judgments and remand these actions to the Superior Court for proceedings consistent with this opinion.

The two actions arose out of a July 14, 1980, collision between a tractor trailer owned by the defendant, Nemasket Construction Co., Inc., and operated by the defendant, Joseph S. Stanley, and a motor vehicle owned and operated by Nellie M. Prince in which J. Marion Penniman was a passenger. Both Prince and Penniman died as a result of the collision. The accident occurred as the vehicle driven by Prince was entering a main thoroughfare from a side street. According to the complaints, the distance over which either driver could see was reduced by a curve, hill, and trees which grew close to the intersection. The plaintiffs allege that the town was negligent in failing to design and construct the intersection properly and to trim the trees adjacent to the intersection.

The parties do not dispute the facts upon which the judge relied in granting the town's motions for summary judgment. The plaintiffs commenced the Superior Court actions based on the July 14, 1980, accident on May 28, 1981, against the defendants Stanley and Nemasket. In September, 1981, the defendants Stanley and Nemasket filed third-party complaints against the town in both actions, seeking contribution from the town as a joint tortfeasor pursuant to G. L. c. 231B (1984 ed.). In its answer to each third-party complaint, the town

raised no affirmative defenses. On June 10, 1983, the plaintiffs moved to amend their complaints to allege causes of action against the town. Because the plaintiffs had failed to notify the town of their intention to pursue claims as required by G. L. c. 258, § 4, the judge entered summary judgment for the town on the complaints of the plaintiffs and the third-party plaintiffs. The original plaintiffs have not appealed the allowance of the town's motions for summary judgment.

On appeal, the third-party plaintiffs argue that their rights to contribution pursuant to G. L. c. 231B are not affected by the primary plaintiffs' failure to comply with the presentment provisions of the Massachusetts Tort Claims Act, G. L. c. 258, § 4,[5] and that the judge erred in granting the town's motions for summary judgment as to them. The town contends that, under G. L. c. 231B, the contribution statute, a party cannot be liable to a third-party plaintiff for contribution unless that party is directly liable to the plaintiff. See G. L. c. 231B, § 1 (*a*). The town argues that it is not directly liable to the primary plaintiffs because the plaintiffs failed to comply with the presentment requirements of G. L. c. 258, § 4, and, for that reason, cannot be liable to the third-party plaintiffs who are appealing here. Resolution of the issues presented here entails a determination of what effect, if any, the presentment

---

[5] Section 4 of c. 258 provides as follows: "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claims shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section. The failure of the executive officer to deny such claim in writing within six months after the date upon which it is presented, or the failure to reach final arbitration, settlement or compromise of such claim according to the provisions of section five, shall be deemed a final denial of such claim. No civil action shall be brought more than three years after the date upon which such cause of action accrued. Disposition of any claim by the executive officer of a public employer shall not be competent evidence of liability or amount of damages.

"*The provisions of this section shall not apply to such claims as may be asserted by third-party complaint, cross-claim or counterclaim*" (emphasis supplied).

requirements of the Massachusetts Tort Claims Act have on the right of contribution available pursuant to G. L. c. 231B.

Our analysis begins with an examination of the relevant provisions of the Massachusetts Tort Claims Act, G. L. c. 258. St. 1978, c. 512, § 15. Section 4 of c. 258 provides that a civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant first presents the claim in writing to the executive officer of the public employer within two years after the date on which the cause of action arose. Only if the claim is denied, or the executive officer fails to settle, arbitrate, or compromise the claim within six months of presentment may the claimant file suit. G. L. c. 258, § 4. *Weaver* v. *Commonwealth*, 387 Mass. 43, 45 (1982). Section 4 further provides: "The provisions of this section shall not apply to such claims as may be asserted by third-party complaint, cross-claim or counterclaim." Several of our cases have examined the applicability of the presentment requirement of c. 258, § 4, in various circumstances. See *Heck* v. *Commonwealth, ante* 336, 339 (1986); *Spring* v. *Geriatric Auth. of Holyoke*, 394 Mass. 274, 283-284 (1985); *Holahan* v. *Medford*, 394 Mass. 186, 189-190 (1985); *Fearon* v. *Commonwealth*, 394 Mass. 50, 53 (1985); *Hernandez* v. *Boston*, 394 Mass. 45, 48 (1985); *George* v. *Saugus*, 394 Mass. 40, 44 (1985); *Vasys* v. *Metropolitan Dist. Comm'n*, 387 Mass. 51, 55 (1982); *Weaver* v. *Commonwealth*, 387 Mass. 43, 50 (1982); *Proffit* v. *Commonwealth*, 385 Mass. 781, 782-783 (1982); *Gallant* v. *Worcester*, 383 Mass. 707, 715 (1981); *Pruner* v. *Clerk of the Superior Court in the County of Norfolk*, 382 Mass. 309, 315 (1981). These cases have identified two major purposes of c. 258. One purpose is to allow plaintiffs with valid causes of action to recover for harm suffered from public entities. See, e.g., *Vasys* v. *Metropolitan Dist. Comm'n, supra* at 55, 57. The second, but equally important, purpose of c. 258 is to preserve the stability and effectiveness of government by providing a mechanism which will result in payment of only those claims against government entities which are valid. *Id.* The presentment requirements serve the second purpose and attempt to strike a balance between public fairness

and promoting effective government. Justifications offered for presentment requirements in statutes waiving governmental immunity include: enabling governmental units to investigate promptly the alleged incident to facilitate immediate assessment of liability, because fraudulent and meritless claims are harder to detect when time is allowed to elapse; protecting against the cost of needless litigation by increasing the likelihood of early adjustment of disputes and out-of-court settlements; preventing future accidents and expenses by enabling the governmental unit to make necessary repairs or to improve procedures; and aiding municipalities in determining future taxes and planning budgets. Note, Notice of Claim Provisions: An Equal Protection Perspective, 60 Cornell L. Rev. 417, 423 (1975). Some of these justifications have been articulated in cases involving the presentment requirement of the Massachusetts tort claims statute. See *Hernandez* v. *Boston, supra* at 48 (presentment requirement may shelter municipality from unknown, future liability for which it is unable to plan); *George* v. *Saugus, supra* at 44 (without presentment, could be virtually impossible for municipality to investigate the claim or to defend against fraud); *Vasys* v. *Metropolitan Dist. Comm'n, supra* at 57 (presentment ensures payment of only those claims against government entities which are valid). In the cases before us, the town argues that a failure to hold third-party plaintiffs responsible for fulfilling the presentment requirements of § 4 would undermine the purposes served by the notice provision and disrupt the balance between fairness and effective government created by the Legislature in enacting c. 258. We do not agree.

Section 4 dictates a conclusion contrary to the result the town urges us to adopt here. In the last paragraph of § 4, which consists of a single sentence, the Legislature has exempted claims asserted by third-party complaint, cross-claim, or counterclaim from the notice requirements prescribed for direct claims. D.A. Randall & D.E. Franklin, Municipal Law and Practice § 1654 n.23 (1982). See 18 E. McQuillin, Municipal Corporations § 53.155, at 748 (3d ed. rev. 1984). The third-party defendant town would have us interpret the last sentence of

§ 4 as exempting a third-party plaintiff from giving *additional* notice of a claim to a public entity, based on the assumption that the public entity will have already received notice from the original plaintiff. Nothing in the language of the last sentence of § 4 indicates that third-party plaintiffs are exempt from the presentment provisions of the first paragraph of § 4 only if the plaintiff initiating the action has previously given notice to the public entity. The Legislature simply created an exemption from the notice provisions of § 4 for all third-party claims regardless of whether presentment had been made by the party originating the action. The town's reading of the statute controverts its plain meaning. See *Holahan* v. *Medford*, 394 Mass. 186, 189 (1985); *Commonwealth* v. *Vickey*, 381 Mass. 762, 767 (1980).

Our conclusion that the plain language of § 4 exempts claims asserted by means of third-party actions from the generally applicable notice provisions of the section does not end the inquiry in these cases. We must also consider whether the dismissal of the original plaintiffs' action against the town for failure to make presentment has any effect on the third-party plaintiffs' contribution rights pursuant to c. 231B, § 1 (a). We reach the determination that the third-party plaintiffs' contribution rights against the town are unaffected by the plaintiffs' inability to maintain a direct action against the town by failing to comply with the presentment requirements of c. 258, § 4.

Chapter 231B is modeled on the Uniform Contribution Among Tortfeasors Act and describes the circumstances which give rise to rights of contribution among tortfeasors. See *O'Mara* v. *H.P. Hood & Sons*, 359 Mass. 235, 237 (1971). Section 1 (a) of c. 231B, provides that "where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them." In deciding which persons may be jointly liable in tort for the same injury, it is necessary to ascertain and carry out the intent of the Legislature. The contribution statute is aimed at eliminating the unfairness of allowing a disproportionate share of a plaintiff's recovery to be borne by

one of several joint tortfeasors. The object to be accomplished is a more equitable distribution of that burden among those liable in tort for the same injury. *Bishop* v. *Klein*, 380 Mass. 285, 294 (1980). *Hayon* v. *Coca Cola Bottling Co.*, 375 Mass. 644, 648 (1978). In the *Hayon* case, we examined the meaning of the phrase "liable in tort" appearing in § 1 (*a*) and stated that the term "is broad in scope and not suitable language for implying a narrow or restricted range of application within the framework of potential tort defendants." *Id.* at 649. The statute should be interpreted in a manner that advances the objectives of the Legislature in enacting it. *International Fidelity Ins. Co.* v. *Wilson*, 387 Mass. 841, 857 (1983). *Hayon* v. *Coca Cola Bottling Co., supra* at 648.

Consistent with our previously expressed view that the term "liable in tort" used in § 1 (*a*) is to be accorded a broad interpretation, we conclude that the plaintiffs' inability to maintain a direct action against the town as a consequence of failing to make timely presentment does not bar the third-party plaintiffs' action for contribution. An action for contribution is not barred if, *at the time the tortious activity occurred*, the party from whom contribution is sought could have been held liable in tort. Here, the town could have been found liable in tort pursuant to c. 258 for the deaths of the two victims involved in these cases.[6] Compliance with the presentment procedures of c. 258, § 4, is not a jurisdictional matter, but is a statutory condition precedent to recovery. *George* v. *Saugus, supra* at 41-42. *Vasys* v. *Metropolitan Dist. Comm'n, supra* at 55.

---

[6] We emphasize that the question whether summary judgment should have been entered for the town on the third-party complaints concerns only the presentment issue under G. L. c. 258, § 4, and does not involve other issues of law such as the sufficiency of the evidence to establish liability of the town. Thus, for example, the applicability of G. L. c. 84 (1984 ed.) (concerning defects in public ways), to the facts of these cases was not raised by these appeals and, therefore, we express no opinion on that issue. See *Gallant* v. *Worcester*, 383 Mass. 707, 712, 714 (1981) (c. 84, § 15, provides the exclusive remedy for injuries or property damage sustained as a result of defects in public ways, but wrongful death actions arising from incidents involving defects in public ways may be maintained pursuant to G. L. c. 258, § 2).

D.A. Randall & D.E. Franklin, *supra* at § 1654 n.23 (1982 & Supp. 1985). See *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 618-619 (1973). See also *Johnson* v. *Consolidated Rail Corp.*, 565 F. Supp. 1025, 1027 (N.D. Ind. 1983). Thus, the compliance or lack of compliance with the presentment requirements of § 4 does not affect the underlying liability of tort defendants or the contribution rights of third-party defendants, but merely affects the ability of plaintiffs to pursue actions against public entities. See *Vasys* v. *Metropolitan Dist. Comm'n, supra* at 55-56. Cf. *Anthony's Pier Four, Inc.* v. *Crandall Dry Dock Eng'rs, Inc.*, 396 Mass. 818, 821 (1986); *Tindol* v. *Boston Hous. Auth.*, 396 Mass. 515, 518 (1986); *Klein* v. *Catalano*, 386 Mass. 701, 702 (1982).

The town cites a number of cases to support its assertion that it cannot be liable for contribution here because of the plaintiffs' failure to comply with the presentment requirement of § 4. See, e.g., *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342, 347-350 (1983); *Monadnock Display Fireworks, Inc.* v. *Andover*, 388 Mass. 153, 155-156 (1983); *Liberty Mut. Ins. Co.* v. *Westerlind*, 374 Mass. 524, 526 (1978); *O'Mara* v. *H.P. Hood & Sons*, 359 Mass. 235, 238-239 (1971). None of these cases is apposite because each of them concerns a potential third-party contributor who at no time was directly liable to the primary plaintiff.

Other courts considering these issues have arrived at the conclusions we reach. See, e.g., *New Amsterdam Casualty Co.* v. *Holmes*, 435 F.2d 1232, 1234 (1st Cir. 1970); *Minneapolis, St. P. & S. Ste. M. R.R.* v. *Fond du Lac*, 297 F.2d 583, 586 (7th Cir. 1961); *Haehl* v. *Port Chester*, 463 F. Supp. 845, 849-850 (S.D.N.Y. 1978); *People ex rel. Dep't of Transp.* v. *Superior Court*, 26 Cal. 3d 744, 763 (1980); *Stephens* v. *McBride*, 97 Ill. 2d 515, 520 (1983); *Roehrig* v. *Louisville*, 454 S.W.2d 703, 705 (Ky. 1970); *White* v. *Johnson*, 272 Minn. 363, 371 (1965), overruled on other grounds, *Tolbert* v. *Gerber Indus., Inc.*, 255 N.W.2d 362, 368 n.11 (Minn. 1977); *Perello* v. *Woods*, 197 N.J. Super. 539, 547 (1984); *Markey* v. *Skog*, 129 N.J. Super. 192, 196, 200-201, 204 (1974); *Hennington* v. *Valuch*, 19 Wis. 2d 260,

262-263 (1963); *Geiger* v. *Calumet County*, 18 Wis. 2d 151, 157 (1962). See generally Annot., 93 A.L.R.2d 1385 (1964 & Supp. 1983 & 1986). But see *Brady* v. *Denver*, 181 Colo. 218, 220, 222 (1973); *Ezzi* v. *DeLaurentis*, 172 N.J. Super. 592, 597-600 (1980).

The foregoing analysis of the relevant provisions of the tort claims statute, G. L. c. 258, § 4, and the contribution statute, G. L. c. 231B, § 1 (*a*), leads us to conclude that the third-party plaintiffs' claims for contribution in these two cases are not barred by the original plaintiffs' failure to comply with the presentment provisions of c. 258, § 4. This conclusion is consistent with the requirement of St. 1978, c. 512, § 18, that the Massachusetts Tort Claims Act "shall be construed liberally for the accomplishment of [its] purposes." Accordingly, the judgments entered on the town's motions for summary judgment in these two third-party actions are reversed. On remand, the third-party plaintiffs will be permitted to pursue whatever contribution rights they may have against the town.

*So ordered.*