Gershengorn, J.
INTRODUCTION
Third-party defendant, Massachusetts Bay Transportation Authority (MBTA), moves the court to dismiss the third-party complaint of the City of Cambridge. The MBTA contends that the applicable statute of limitations bars any right to contribution of the City of Cambridge. For the following reasons, the MBTA’s motion to dismiss is GRANTED.
BACKGROUND
On June 6, 1990, an MBTA bus and an unmarked Cambridge Police Department cruiser collided at the intersection of Prospect Street and Bishop Allen Drive in Cambridge, MA. Plaintiff, Eunice Ibeh, a passenger on the MBTA bus, suffered personal injuries as a result of the collision. On October 21, 1992, Ibeh filed suit in the Cambridge District Court against the City of Cambridge. Ibeh was barred from bringing suit against the MBTA due to the expiration of the applicable two-year statute of limitations. See G.L.c. 161A, §21. On September 3, 1993, the City of Cambridge filed a third-party complaint against the MBTA seeking contribution.
DISCUSSION
The City of Cambridge seeks contribution from the MBTA pursuant to G.L.c. 231B. Section 1(a) of the statute states:
Except as otherwise provided in this chapter, where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them.
Contribution claims are derivative and not new causes of action. Berube v. Northampton, 413 Mass. 635, 638 (1992). Without liability in tort there is no right of contribution. Id. at 638-39. There is no right of contribution unless the potential contributor is directly liable to the injured person. Dighton v. Federal Pacific Electronic Co., 399 Mass. 687, 691 (1987), cert. denied 484 U.S. 953 (1987) (contribution rights are derivative of joint tort liability between third-party plaintiff and third-party defendant). If the injured person is barred from recovering from the potential contributor, the latter is not liable for contribution to the other tortfeasors. O’Mara v. H.P. Hood & Sons, 359 Mass. 235, 237-38 (1971) (statute excludes persons from contribution liability when they are not liable to the injured party); J.R. Nolan & L. J. Sartorio, TortLaw, §437 at 183 (2d ed. 1989) (if injured party’s recovery from potential contributor is barred, then contribution to another tortfeasor is also barred).
The statute of limitations bars the liability of the MBTA to Eunice Ibeh. Without liability to Eunice Ibeh, the MBTA cannot be considered a joint tortfeasor, liable to the City of Cambridge for contribution.
The City of Cambridge claims that an action for contribution is not barred if at the time the tortious *479 activity occurred, the party from whom contribution is sought could have been liable in tort. In support, the City of Cambridge cites to McGrath v. Stanley, 397 Mass. 775, 781 (1986).
In McGrath, the plaintiffs were killed when they collided in an intersection with a truck operated by the defendant, Joseph Stanley. Stanley filed a third-party complaint against the Town of Carver alleging that the town negligently failed to design and construct the intersection properly. Id. at 776. The Town of Carver argued that the statute of limitations barred both any direct claim from the plaintiff and any third-party claim for contribution by the defendant. Id. at 777. The SJC disagreed and held that although the statute of limitations between the plaintiff and the Town of Carver had expired, the third-party plaintiff could still bring an action against the Town for contribution. Id. at 779. However, the court’s ruling was based upon an explicit provision of the Massachusetts Tort Claims Act which provides:
The provisions of this section (statute of limitations) shall not apply to such claims as may be asserted by third-party complaint, cross-claim or counterclaim.
See McGrath v. Stanley, 397 Mass. at 778, citing G.L.c. 258, §4.
The Massachusetts Tort Claims Act did not require dismissal of the third-party complaint because, by its explicit language, the “legislature simply created an exemption from the notice provisions of §4 for all third-party claims regardless of whether presentment had been made by the party originating the action.” See Dighton v. Federal Pacific Elec. Co., 399 Mass. at 692, quoting McGrath v. Stanley, 397 Mass. at 780. No analogous exemption from the notice provisions appears in G.L.c. 161A, §21. Therefore, McGrath v. Stanley is inapposite to the facts of this case.
CONCLUSION
Eunice Ibeh’s direct claim against the MBTA failed because Ibeh did not present her claim within two years. Unlike the Massachusetts Tort Claims Act, there is no exemption under G.L.c. 161A, §21, which would permit a third-party plaintiff, such as the City of Cambridge, to seek contribution from the MBTA after the expiration of the statute of limitations. For this reason, the complaint of the City of Cambridge against the MBTA must be dismissed.
ORDER
For the reasons set forth above, the MBTA’s motion to dismiss the third-party complaint of the City of Cambridge is ALLOWED.