Agnes, Peter W., J.
I.INTRODUCTION
This is a civil action brought by Plaintiff, II Palazzo Corporation, seeking damages from Defendants, City of Worcester, City of Worcester Police Department, and Eric Boss and Daniel F. Sullivan, members of the City of Worcester Police Department, for the economic loss and harm caused to Plaintiff resulting from the murder of an employee which allegedly occurred due to Defendants’ negligence. The complaint asserts three causes of action: (1) negligence, (2) breach of contract and (3) respondeat superior. Defendants have filed a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants base their motion on the grounds that (1) the negligence claim is barred by the economic loss doctrine as well as Mass. Gen. Laws c. 258 § 10(h) and (j), (2) the breach of contract claim is simply a recasting of the negligence claim, and (3) respondeat superior is the functional equivalent of an action brought pursuant to Mass. Gen. Laws c. 258 §2, which is the exclusive remedy in negligence against a municipality. Plaintiff has filed a motion to amend its complaint pursuant to Mass.RCiv.P. 15 seeking to join two additional parties as plaintiffs pursuant to Mass. R Civ. P. 20(a).
II.STANDARD OF REVIEW
When considering whether to allow or deny a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must assume that all the allegations in the complaint are true. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). The complaint need not contain detailed factual allegations. Id. However, in order for a complaint to survive a Rule 12(b)(6) motion, it must contain factual allegations which plausibly suggest a right to relief. Id. That is to say that the factual allegations must be enough to raise a right to relief above the speculative level. Id.
The trial judge has discretion to allow or deny a Rule 15 motion to amend the pleadings and should allow such a motion unless some good reason appears for denying it. Christopher v. Duffy, 28 Mass.App.Ct. 780, 783 (1990). Reasons for denying a motion to amend include “undue delay, bad faith or dilatoiy motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . .” Castellucci v. United States Fid. & Guar. Co., 373 Mass. 288, 290 (1977), quoting Foman v. Davis, 371 U.S. 178, 182 (1962).
III.FACTUAL BACKGROUND
The litigation giving rise to this motion arises out of the following facts as alleged in Plaintiffs complaint. Plaintiff owned and operated a restaurant, bar and lounge known as II Palazzo, located at 100 Wall Street, Worcester, Massachusetts. (Compl. ¶7.) On the evening of May 27, 2000, Defendants Boss and Sullivan were working a police detail at the II Palazzo club. (Id. at ¶8.) Defendants Boss and Sullivan were responsible for providing a police presence and security during II Palazzo’s hours of operation on the evening of May 27, 2000, through the early morning hours of May 28, 2000, presumably pursuant to a contract for a police detail entered into by Plaintiff and City of Worcester Police Department. (Id. at ¶9.) During the early morning hours of May 28, 2000, an unknown masked individual entered the basement office of the club undetected, and fatally shot the manager. (Id. at ¶10.) Defendants, Boss and Sullivan, who were in the building, did not respond to the incident until after the arrival of additional police officers and ambulances. (Id. at ¶11.) At the time of the incident, officers Boss and Sullivan were and are still employed by the City *548 of Worcester and the City of Worcester Police Department. {Id. at ¶13.)
W. ANALYSIS
1.Negligence
Plaintiffs complaint alleges that Defendants Boss and Sullivan owed a duty to Plaintiff to provide a police presence and security during II Palazzo’s hours of operation the night of May 27, 2000, that they breached this duly, and as a result one of Plaintiffs employees was murdered causing Plaintiff to suffer significant economic harm. (Compl. ¶¶14 and 15.) Defendants dispute the fact that officers Boss and Sullivan were on duty at the time of the incident. (Ans. ¶9.) They claim that the police detail had ended prior to the murder, at which time Boss and Sullivan retained the status of private citizens, and thus, owed no duty to Plaintiff to protect against the wrongful intentional acts of a third party. (Defendant’s Emergency Motion to Dismiss at 6.) Defendants further argue that even if Boss and Sullivan were acting within the scope of their employment at the time of the murder, Plaintiffs negligence claim is barred by Mass. Gen. Laws c. 258 §10(h) which precludes claims for “failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law ...” and 10(j), which precludes claims “based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer . . .” [Id. at 8.)
In response, Plaintiff points to Mass. Gen. Laws §10(j)(l) which states that the preclusions against liability provided for in Mass. Gen. Laws §10(h) and (j) shall not apply to “any claim based upon specific assurances of safety or assistance, beyond general representations that investigation or assistance will be or has been undertaken, made to the direct victim or a member of his family or household by a public employee, provided that the injury resulted in part from reliance on those assurances.” (Plaintiffs Opposition to Defendant’s Emergency Motion to Dismiss at 3.) Defendants dispute whether or not any such specific assurances were ever made to Plaintiff. (Defendant’s Emergency Motion to Dismiss at 9.) Defendants also question whether Plaintiff, a corporation, can be considered to be the “direct victim” within the meaning of the statute. {Id.)
There is no allegation in Plaintiff s complaint of any express assurance of safety by Defendants as provided in Mass. Gen. Laws C. 258 §10(j)(l). Nevertheless, even if we assume that Boss and Sullivan were acting within the scope of their employment the night of the murder and that they or the City of Worcester Police Department had made specific assurances of safely to Plaintiff, the negligence claim still fails under the economic loss doctrine. It is a well established principle that purely economic losses are unrecoverable in tort. FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993); Schuster v. Dacey, 24 Mass. L. Rptr. 175, No. SUCV2007-00617, LEXIS 216, at *19 (Mass.Super.Ct. June 9, 2008); Cumis Ins. Socy, Inc. v. BJ’s Wholesale Club, 24 Mass. L. Rptr. 117, No. 2005-11158-J, LEXIS 154, at*9 (Mass.Super.Ct. June4,2008); But see Nota Constr. Corp. v. Keyes Assocs, Inc., 45 Mass.App.Ct. 15, 20 (1998) (“An exception to the doctrine permits recoveiy for economic losses resulting from negligent misrepresentation”). One of the basic and necessary elements of a negligence claim is that the plaintiff have experienced actual harm in the form of either personal injury or property damage. See Herbert A. Sullivan, Inc. v. Utica Mut Ins. Co., 439 Mass. 387, 413 (2003). Purely economic loss is not a recognized form of harm in tort law. See id. Plaintiffs claim of negligence fails because the essential element of actual harm is not satisfied. Therefore, negligence is not a claim upon which relief can be granted.
2.Breach of Contract
Plaintiffs complaint alludes to some contract that existed between Plaintiff and Defendants. (Compl. ¶16.) The complaint is not specific as to the parties or actual terms of the contract. For the sake of argument we shall assume that the contract referred to is between Plaintiff and Defendant City of Worcester Police Department for the provision of security at Plaintiff s club during its hours of operation the night of May 27, 2000. However, even if we assume that such a contract existed and is enforceable, Plaintiffs claim for breach of contract has no merit.
Both parties agree that officers Boss and Sullivan were present and working a police detail at the II Palazzo club the night of the murder. Therefore, the only conceivable breach of the contract to provide security to the club is that officers Boss and Sullivan were negligent in providing that security. However, this is merely couching the negligence claim in terms of a breach of contract. When the only alleged breach of a contractual duty is that the duty was carried out in a negligent manner, as opposed to a complete failure to perform it, the cause of action is for tortious conduct, namely negligence. Herbert A. Sullivan, Inc., 439 Mass, at 397; Abrams v. Factory Mut. Liab. Ins. Co., 298 Mass. 141, 144 (1937). Plaintiffs claim for breach of contract is really just a claim of negligence, which is barred by the economic loss doctrine as discussed above. Therefore, breach of contract is not a claim upon which relief can be granted.
3.Respondeat Superior
Plaintiffs complaint alleges that Defendants City of Worcester and City of Worcester Police Department are vicariously liable for the tortious acts and omissions of officers Boss and Sullivan. (Compl. ¶18.) Under the doctrine of respondeat superior, an employer may be *549 held vicariously liable for the tortious acts or omissions of its employees carried out within the scope of their employment. Petrell v. Shaw, 453 Mass. 377, 384 (2009). However, in the case where the employer is a public municipality, Mass. Gen. Laws c. 258 §2 provides the exclusive remedy against such public employer for “injury or loss of properly or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment.” This is the functional equivalent of a respondeat superior claim for purposes of tort claims against public entities. Because the legislature has created this exclusive remedy against public employers for the torts committed by their employees carried out within the scope of their employment, the claim of respondeat superior is not an independent cause of action upon which relief can be granted.
4. Motion to Amend Complaint
Plaintiffs motion to amend its complaint seeks to join as plaintiffs Diana Reza and Sharhokh Reza. The motion alleges that Diana Reza was present at the II Palazzo club the night of May 27, 2000 and directly witnessed the murder of her co-worker. (Plaintiffs Motion to Amend Compl. ¶2.) As a result she is alleged to have experienced severe emotional distress. (Id. at ¶4.) Sharhokh Rezáis the husband of Diana Reza. (Id. at ¶3.) The proposed amended complaint asserts a loss of consortium claim against the Defendants on Sharhokh Reza’s behalf. (Amended Compl. ¶43.)
Regardless of the merits of the proposed emotional distress and loss of consortium claims, there exists an issue of law which precludes this court from adding those individuals as plaintiffs at this time. According to Mass. Gen. Laws c. 258 §4, “A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .” The failure to comply with this requirement is a bar to any relief. McGrath v. Stanely, 397 Mass. 775, 781 (1986); Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 287 (1985). There is no evidence that such a presentment letter was ever delivered to Defendants and Plaintiffs counsel conceded this fact at oral argument. In the absence of such a presentment letter, Diana and Sharhokh Reza’s claims against Defendants are barred. Therefore, because the proposed amended complaint does not assert claims upon which relief can be granted and does not help to substantiate or validate the claims asserted in the original complaint, Plaintiffs motion to amend the complaint should be denied.
ORDER
Accordingly, Defendants’ motion to dismiss under Mass.R.Civ.P. 12(b)(6) is ALLOWED and Plaintiffs motion to amend complaint under Mass.R.Civ.P. 15 is DENIED.