Kenton-Walker, Janet, J.
Third Party Defendant, Cushing Jammallo & Wheeler (“CJW”), moves to dismiss TMC Services, Inc.’s (“TMC") third-party complaint on the grounds that (1) TMC has failed to plead facts sufficient to support a claim against CJW; and (2) as a matter of law, as a Licensed Site Professional, CJW is not subject to a claim for contribution from a third parly.
To summarize the facts: Arcudi Oil Company (“Arcudi”) mistakenly delivered one-hundred gallons of oil to the home of Thomas and Patricia Peck (“Pecks”), which resulted in oil contamination of Pecks’ home, yard and nearby brook. Arcudi hired Ambrose Environmental Management, Inc. (“Ambrose”) to manage the site activities at the Peck property. Ambrose, on behalf of Arcudi, hired TMC to conduct emergency/remediation work at the Peck property. The Pecks allege that TMC was responsible for foundation excavation, pouring a concrete floor, the installation of concrete footings, the rebuilding of cellar stairs, installation of a cellar bulkhead door and partition door, and the installation of new perimeter drainage. According to the Pecks, TMC performed its remediation work in a sub-standard manner.
Ambrose also hired CJW on behalf of Arcudi to provide Licensed Site Professional and engineering services at the Peck Property. In response, CJW prepared an Immediate Response Action Completion Report and Response Action Outcome Statement relating to the Peck property.
If TMC is deemed to have performed its work in a substandard manner, TMC seeks contribution from CJW. TMC claims that any damages to the Pecks are “solely or substantially the result of the actions or omissions of Ambrose and/or CJW.”
The court finds that the TMC’s complaint against CJW is legally insufficient and should be dismissed. To survive a motion to dismiss, a complaint must set forth the basis for the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While factual allegations need not be detailed, they “must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” Id. At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief . . .” Id., quoting Bell Atl. Corp., 550 U.S. at 557. TMC has failed to meet this standard.
Licensed Site Professionals (“LSPs”) are licensed, quasi-governmental workers whose role is to advise and guide the clean up efforts of Responsible Parties. Commonwealth v. Tone Eskanian, 74 Mass.App.Ct. 666, 672 (2009); G.L.c. 21A, §§19-19J. CJW was hired as an LSP for assessment of waste on the property, unlike TMC, which was hired for post-contamination reconstruction. TMC has not set forth sufficient facts to show that TMC and CJW could be responsible for a single injuiy as required by the Massachusetts Contribution laws. McGrath v. Stanley, 397 Mass. 775, 781 (1986); Berube v. City of Northhampton, 413 Mass. 635, 639 (1992) (noting that the right to contribution arises only where the third-party defendant is or was once liable to plaintiff, rather than merely at fault). Moreover, TMC is not able to establish any basis for imposing any duty on CJW for TMC’s re-construction actions. See, e.g. Devaux v. American Home Assurance Co., 387 Mass. 814, 817 (1983) (holding that while professionals owe a duty to their clients, they do not owe a duty to a non-client or a third party). While it is possible that CJW was involved in some structural excavation, its primary purpose in conducting such excavation was to assess the waste on the property, and TMC has not set forth sufficient facts that CJW’s work on the property is linked to the re-construction work done by TMC.

ORDER

Based on the foregoing, it is hereby ORDERED that the Cushing Jammallo & Wheeler’s Motion to Dismiss is ALLOWED.