Kaplan, Mitchell H., J.
INTRODUCTION
This action arises out of substantial water damage at a twenty-eight-stoiy apartment building located at 660 Washington Street in Boston (the Building) and owned by the plaintiff ASN Park Essex, LLC (ASN). Plaintiff American Modern Insurance Group (American) insured the Building and paid ASN $9,493,781 to settle ASN’s claim under its policy (net ofa$250,000 policy deductible). In this subrogation action, American, standing in the shoes of ASN, seeks to recover the loss from various defendants. Plaintiffs allege that the damage was the result of a failed sprinkler supply pipe. As to defendant Pulsar Alarm Systems, Ltd. (Pulsar), the plaintiffs allege that Pulsar contracted to provide, among other things, system monitoring and maintenance and was negligent in performing this service with the result that it failed to observe and report deficiencies in the condition of hangars supporting the supply pipe and this was a substantial factor in causing the leak and resulting damage. The case is before the court on Pulsar’s motion to amend its third-party complaint to assert claims for contribution against additional third-party defendants, Suffolk Construction Company (Suffolk) and Consentini Associates (Consentini). Neither Consentini nor any existing party to this litigation has opposed Pulsar’s motion, but Suffolk has.
Suffolk argues that the motion to amend should be denied as to it because the claims that Pulsar seeks to assert against Suffolk in its amended third-party complaint are futile in that they fail to assert claims upon which relief may be granted. The court will therefore address Pulsar’s motion by applying the same analysis that it would if these claims were already pending and Suffolk had moved to dismiss them under Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons that follow, the court concludes that Pulsar’s amended third-party complaint does state viable claims against Suffolk and its motion to amend is, therefore, ALLOWED.
FACTS
This motion turns on a question of law apparently not previously directly addressed by a Massachusetts state court. Only a few facts in addition to those set out above are material to its resolution.
Suffolk was the general contractor for the construction of the Building. Pulsar alleges that Suffolk was negligent in supervising the installation of the pipe that failed and this negligence was a substantial factor in causing the loss. Suffolk’s general contract with ASN included general conditions addressing waivers of subrogation for certain losses. These general conditions state in relevant part: “if after final payment property insurance is to be provided on the completed Project through a policy or policies other than those insuring the Project during the construction period, the owner shall waive all rights ... for damages caused by fire or other perils covered by this separate property insurance. All separate policies shall provide this waiver of subrogation by endorsement or otherwise . . . [and] The Owner and Contractor waive all rights against. . . each other ... for damages caused by fire or other perils to the extent covered by property insurance [for the Building].” The water damage here at issue occurred after construction. Pulsar was apparently not involved in the construction of the Building and did not sign any contract that included a waiver of subrogation provision.
DISCUSSION
Suffolk’s position is based on its interpretation of G.L.c. 231B (Contribution Among Joint Tortfeasors), as applied to the foregoing facts. Section 1(a) of chapter 23 IB states: “Except as otherwise provided in this *508 chapter, where two or more persons become jointly liable in tort for the same injury to person or properly, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them.” Suffolk argues that since ASN contractually waived its right of subrogation against Suffolk, Suffolk could not be “liable in tort” for a claim of negligence predicated on any loss covered by insurance. In consequence, as a result of the waiver of subrogation, Suffolk could not be “liable in tort” to ASN, or to an insurance company pursuing a subrogation claim in ASN’s name, and defendant Pulsar cannot maintain a third-party claim for contribution against Suffolk.
In support of this argument, Suffolk relies on two cases: Dighton v. Federal Pacific Electric Co., 399 Mass. 687, 690-92 (1987), and Correira v. Firestone Tire & Rubber Co., 388 Mass. 342, 346 (1983).[1] In Dighton, plaintiffs sued to recover for injuries suffered in a fire in their apartment; they alleged that defendant had negligently manufactured a circuit breaker that allegedly caused the fire. Defendant was allowed to implead the architect who designed the building for contribution. Both the defendant and the architect moved to dismiss the claims asserted against them under G.L.c. 260, §2B, generally known as the statute of repose. The SJC affirmed the Superior Court’s decision dismissing the third-party complaint but not the claims asserted against the defendant. The SJC held that the Superior Court had properly found that the statute of repose did not apply to the manufacturer but did protect the architect, and that since the plaintiffs had no tort claims that they could assert against the architect, the defendant had no right of contribution from the architect: “The right of contribution is derivative of the joint liability in tort of the third-party plaintiff and the third-party defendant.” 399 Mass. at 691. The SJC noted that in enacting §2B the legislature had shown no intent to exempt third-parly actions from the protections afforded architects by the statute of repose. Id. at 692.
In Correira, the SJC considered the interplay between the workers’ compensation statute and rights of contribution. “[U]nder G.L.c. 152, §23, an employee who accepts compensation benefits from an employer releases that employer from all claims of liability that the employee might have as a result of his accident. Since the employer could not be liable to the employee, the employer could not be liable for contribution under G.L.c. 231B, §1(a), which requires that the potential contributor be directly liable to the plaintiff.” 388 Mass. at 346. The SJC noted that the question of whether workers’ compensation laws precluded thirdpariy claims against employers had been addressed in several states, and that many courts had reflected on the fact that “workmen’s compensation laws are economic regulations representing the Legislature’s balance of competing societal interests and that the courts have no place in reshaping public policy in the face of such comprehensive legislation.” Id. at 349. The SJC went on to state that the “Legislature’s choice ... , to withdraw from the pool of available defendants and contributors any employer who pays compensation benefits, in no way qualified the right of the injured employee to recover against the third party [who may have injured him].” Id. at 350. Notwithstanding the fact that this meant that employers were removed from the pool of possible parties from whom contribution could be sought (or whose negligence could be measured against that of the employee under the comparative negligence statute, G.L.c. 231, §85), “[a]ny inequities in the present scheme must be resolved by the Legislature.” Id.
Thus the statute of repose and workers’ compensation scheme represent the Legislature’s compromise of competing economic interests that would be frustrated if parties who were relieved of the economic risk of suit by plaintiffs could be drawn back into litigation as third-party defendants. Waivers of subrogation clauses in private contracts do not implicate a Legislature’s decision to enact economic regulation. See New Amsterdam Casualty Company v. Holmes, 435 F.2d 1232 (1st Cir. 1970) (“The relationship of [the parties] vis-a-vis [the insured], assuming the negligence of all of them, is a typical joint tortfeasor situation. We find nothing in the policy of the [Rhode Island contribution statute, in this regard similar to chapter 23 IB], or in its language, to make an exception depriving appellants of their right to seek contribution simply because appellees had personal insurance.”), and see, also, Fireman’s Ins. Co. of Washington, D.C. v. Fire-Free Chimney Sweeps, Inc., 2010 WL 1268158 *3 (Del.Super.) (“It would be an injustice to prevent [third-party plaintiff] from potentially offsetting its liability under these circumstances. [Third-party plaintiff] is a stranger to the contract upon which [third-party defendant] relies. Such a contract should not be permitted to restrict statutory rights that [third-party plaintiff] did not consent to give up.”).
This conclusion is supported by the SJC’s reasoning in McGrath v. Stanley, 397 Mass. 775 (1986). In McGrath, a defendant sought to implead the Town of Carver for contribution in a motor vehicle tort action based on allegations that the intersection at which the accident occurred had been negligently designed and constructed. The plaintiff had not made presentment of his claim against the Town under G.L.c. 258, §4, and therefore could not sue the Town directly. The SJC reflected on its past decisions concerning G.L.c. 231B, §1(a):
The object to be accomplished is a more equitable distribution of that burden among those liable in tort for the same injury. Bishop v. Klein, 380 Mass. 285, 294 (1980). Hayon v. Coca Cola Bottling Co., 375 Mass. 644, 648 (1978). In the Hayon case, we examined the meaning of the phrase “liable in tort” appearing in § 1 (a) and stated that the term “is broad *509 in scope and not suitable language for implying a narrow or restricted range of application within the framework of potential tort defendants.” Id. at 649. The statute should be interpreted in a manner that advances the objectives of the Legislature in enacting it. International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 857 (1983). Hayon v. Coca Cola Bottling Co., supra at 648.
Consistent with our previously expressed view that the term “liable in tort” used in §l(a) is to be accorded a broad interpretation, we conclude that the plaintiffs’ inability to maintain a direct action against the town as a consequence of failing to make timely presentment does not bar the third-party plaintiffs’ action for contribution. An action for contribution is not barred if, at the time the tortious activity occurred, the party from whom contribution is sought could have been held liable in tort.[2]
Similarly in this case, Suffolk could have been liable in tort to ASN if it were negligent in performing its work and the negligence was a significant factor in causing the water damage. The fact that ASN and Suffolk entered into a contract, to which Pulsar was not a party, in which they agreed, under the circumstances presented by this case not to sue one another, ought not frustrate the Legislature’s intention to distribute more equitably the loss “among those liable in tort for the same injury.” ASN and Suffolk negotiated a distribution of the economic consequences of a loss occasioned by Suffolk’s negligence. ASN could have required subsequent contractors like Pulsar to execute similar waivers as a condition of doing business with it, but it cannot deprive Pulsar of contribution rights provided by statute through a contract to which it was not a party.[3], [4]
ORDER
For the foregoing reasons, Pulsar’s motion to amend its third-party complaint to add Suffolk (and Consenting as third-party defendants is ALLOWED.

 Suffolk cites two additional cases; however, Porter v. Ackerman, 380 Mass. 936 (1980), a rescript opinion, is inapposite, and Liberty Mutual Ins. Co. v. Westerlind, 372 Mass. 524 (1978), involved the same workers’ compensation issue addressed in Correira, where the court reviews the Liberty decision and provides additional analysis of the public policy considerations underlying its decisions.

 The SJC cited the First Circuit’s New Amsterdam decision as an example of a court applying this same analysis to a contribution claim asserted against a third-party defendant who had a defense to a claim by a plaintiff.

 Suffolk argues that McGrathis inapposite because G.L.c. 258, §4 creates an exception to the pre-suit presentment requirement for claims asserted by third-party claim, counterclaim, or cross claim. However, the SJC expressly notes that the fact that the third-party plaintiff does not have to make presentment on the Town before filing its third-party claim is just step one of its analysis and it must also decide whether the fact that the plaintiff cannot now assert any claim against the Town means that the Town is also immune from a third-party claim. As noted above, the SJC concludes that the plaintiffs failure to make presentment precludes it from suing the Town, but does not affect the tort liability of any party or any party’s contribution rights. Under the workers’ compensation law an employer cannot be liable in tort to an employee who has accepted benefits and under the statute of repose, an architect cannot be liable for a design defect after the requisite number of years has past.

 The court need not reach Pulsar’s argument that notwithstanding the waiver of subrogation, because ASN seeks to recover its $250,000 deductible, an uninsured loss, the third-party claim can go forward. It however strikes the court as an unlikely result, if Suffolk was immune from suit because of a waiver of subrogation.